UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LAMONT McCAULEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3323 |
| | ) | |
| DR. VIPIN[1] SHAH, M.D., | ) | |
| TARA GOINS, JACKIE MILLER, | ) | |
| MICHAEL P. RANDLE, and | ) | |
| SURGEON JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Lamont McCauley, proceeding *pro se* and currently incarcerated in Western Illinois Correctional Center, pursues claims arising from the denial of medical care. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff refers to this defendant as "Vivan Shah," but the Court believes from its experiences in other cases that the correct spelling is "Vipin."

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ". A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting*

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff arrived at Western Illinois Correctional Center in March, 2010.  During his processing, he informed Defendant Dr. Shah and the nurses that he had a stent in his right kidney which needed to be removed, and that he was experiencing severe abdominal pain and

difficulty urinating.  After waiting months for medical treatment, Plaintiff filed a grievance, which Defendant Goins denied, citing the health care unit's assessment that Plaintiff was suffering from a liver infection which required time to resolve and that an ultrasound had shown that the stent did not need removal.  The denial of the grievance was affirmed by the Administrative Review Board.

    Plaintiff's pain and difficulties continued unabated.  Eventually Dr. Shah agreed to send him to a specialist, but Defendant Fuqua allegedly denied or somehow interfered with that attempt.  Plaintiff was ultimately approved to see the specialist, who recommended surgery to remove Plaintiff's right kidney and stent.  Plaintiff had the surgery at St. John's Hospital on February 28, 2011.  He allegedly woke up three weeks later, only to learn that the surgery had lasted 14 hours.  He later heard that his colon had been damaged and had to be repaired, and that "his gall bladder and over twenty pounds of [his] intestines [were] removed" during the surgery.  Plaintiff's attempts to obtain his medical records to determine exactly what happened have been unsuccessful.

Plaintiff still suffers from "chronic abdominal pains, trouble urinating, passing out cause of pain, panic attacks, insomnia, depression, frequent headaches, right testicle hurts, vomiting, low body temperature (feeling cold all the time), hurts to stand or lye down straight, and constant aweful gas."

## ANALYSIS

Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Dr. Shah and Fuqua. Plaintiff's description of his condition, surgery, and pain give rise to an inference that his medical needs were and are serious. An inference of deliberate indifference arises against Dr. Shah, who allegedly prescribed only pain medication and delayed sending Plaintiff to a specialist. An inference of deliberate indifference also arises against Defendant Fuqua, who allegedly interfered with Dr. Shah's initial attempt to send Plaintiff to a specialist.

The remaining defendants will be dismissed from this claim. Defendants Goins, Miller, and Randle are not medical professionals.

They denied Plaintiff's grievance, but as laypersons they were entitled to rely on the medical professionals to diagnose and treat Plaintiff, particularly regarding a complicated medical condition such as this. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).  Their duty as laypersons was to ensure that Plaintiff had access to medical care.

    The Court notes that Plaintiff alleges that Dr. Shah no longer works at the prison.  If Plaintiff is challenging his current treatment, or lack thereof, he also must name as defendants the doctor and other medical professionals who are currently treating him.

    Plaintiff also sues an unidentified surgeon for malpractice.  In a medical malpractice action, Illinois law requires an affidavit and a health care professional's report to be attached to the Complaint to demonstrate that the action is meritorious.  735 ILCS 5/2-622(1).  However, dismissing the malpractice claim on this ground would be premature

because Plaintiff alleges that his attempts to obtain his medical records have been refused, which necessarily prevents him from obtaining a health care professional's report, or even deciding if a viable malpractice action exists. *See* 735 ILCS 5/2-622(a)(3)(if a request for records has been made pursuant to 735 ILCS 5/8-2001, and the party required to comply fails to comply, the report and affidavit are not due until 90 days after the records are received). The malpractice claim will remain for now. However, Plaintiff is warned that he must make timely and reasonable attempts to obtain his medical records from both the prison and St. John's Hospital. Plaintiff must also then timely identify the surgeon for service of process.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Dr. Shah and Deborah Fuqua. The Court also takes supplemental jurisdiction over Plaintiff's potential state malpractice

claim against surgeon John Doe. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Goins, Miller, and Randle are dismissed for failure to state a claim against them.

3. The clerk is directed to correct Defendant Shah's name in the caption to "Vipin Shah."

4. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

5. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims

stated in this Opinion.

6. The merit review hearing scheduled for September 26, 2011, is cancelled as unnecessary. The clerk is directed to vacate the writ and to notify the plaintiff's prison of the cancellation.

ENTERED: September 19, 2011

FOR THE COURT:

                                 s/Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE